F. B. CÁRLY V. FRANCIS M. BONER ET AL., APPELLEES.
BENJAMIN F. PITMAN, APPELLANT.*

FILED JANUARY 6, 1904.    No. 13,396.

Mortgage: FORECLOSURE: REDEMPTION. Redemption from a decree of foreclosure and from a sale thereunder for taxes, by a mortgagor who has covenanted that, upon his default in the payment of taxes, his mortgagee may pay them and add the amount to the mortgage debt, will both discharge the decree of foreclosure and the sale pursuant to it, and satisfy the lien of the tax. Redemption by the holder of such mortgage will discharge the decree of foreclosure and the sale thereunder; but a lien for the redemption money and interest will subsist for the protection of his security in accordance with the covenants of the instrument.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

* Rehearing allowed. See opinion, p, 674, *post.*

*Albert W. Crites,* for appellant.

*Allen G. Fisher, contra.*

Ames, C.

The facts in this case are undisputed as they are recited in the brief of counsel for the appellant, Pitman, as follows:

"The Boners, husband and wife, mortgaged the husband's real estate to Ball to secure their negotiable bond. The mortgage contained covenants in substance to the effect that they would seasonably pay all taxes levied on the land during the existence of the mortgage debt, and, in case of their default, the mortgagee might do so, and tack such payment to the mortgage debt. They neglected to pay any of these taxes, and allowed the mortgaged real estate to go to tax sale, at which the plaintiff Carly became a purchaser, and thereupon brought this suit to foreclose his tax certificate, making the Boners and Ball defendants. The latter was served by publication, and never appeared in the cause. On February 26, 1900, a decree by default was given in the cause, and, six days thereafter, Ball indorsed, assigned and delivered the bond and mortgage to the appellant, Pitman. A sale was had, and the land struck off to Dunn. He paid the bid, and sale was confirmed. The Boners appealed to this court from the order of confirmation, but filed no brief, and, when the case was reached for submission, suggested their desire to redeem, and moved for the issuance of a satisfaction certificate. Pitman intervened and filed an objection to the granting of leave to redeem, unless allowed without prejudice to his mortgage, and he also asked leave to redeem under his mortgage. No specific action was ever taken on either of these applications, but this court prepared and filed a memorandum opinion, holding that the Boners were entitled to redeem from the sale, while Pitman was entitled to redeem from the taxes. On April 30, 1902, Alexander paid into the court below the amount of the bid, with

twelve per centum interest from the date of sale, as assignee and grantee of the Boners, *pendente lite*, and for a redemption from such sale. He never filed any pleading of any sort. No notice of such payment was given to Pitman. However, Susan E. Boner, the wife, on March 1, 1902, filed a motion below in her own behalf for leave to redeem, but never paid any money into court. On May 3, 1902, Pitman filed in the court below objections to any redemption by either Boner or Alexander, unless it be done without prejudice to his mortgage, and on May 31, 1902, he also filed an application for leave to redeem, himself, and paid into court the amount necessary to pay the decree with interest and costs. At the January term, 1903, this court dismissed the appeal, and a mandate of such dismissal was filed in the court below, on February 27, 1903. Boner filed an answer to Pitman's application below for leave to redeem, and all of said motions and said payment coming on to be heard together before Judge Westover, he held that the payment into court by said Alexander was a good and sufficient redemption from said taxes and from said sale, and was operative to free the land from the lien of said mortgage, and to transfer said lien to the surplus arising on said sale; and it is from this decision that this appeal is taken. Separate findings of fact and conclusions of law were made by the court, upon which the appeal is taken, and from which the foregoing condensation is made."

The foregoing decree is manifestly erroneous. The right of redemption of both the mortgagor and the mortgagee was established by the former judgment of this court. Redemption by the mortgagor or his grantee, Alexander, would discharge the decree of foreclosure, and the sale pursuant to it, and satisfy the lien for taxes. Unless it would have that effect it would have none at all. The consequence of such redemption would be that the land would remain subject to the lien of the mortgage in all respects as though the mortgagor had paid the taxes to the county treasurer at the time of their accrual. Re-
46

demption by the mortgagee, or his assignee Pitman, would also discharge the decree of foreclosure and the sale pursuant to it, but a lien for the redemption money and interest would subsist in favor of the holder of the mortgage for his protection in accordance with the covenants of the instrument.

It is recommended that the judgment of the district court be reversed and that the cause be remanded for further proceedings in conformity with law.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and that the cause be remanded for further proceedings in conformity with law.

REVERSED.

The following opinion on rehearing was filed March 8, 1905. *Judgment of reversal adhered to and decree entered:*

1. **Right of Redemption: RES JUDICATA.** An interlocutory order entered on a former appeal of this case considered, and *held* not to be *res judicata* as to the rights of the parties to redeem land from a decree rendered in the action and sale made in pursuance thereof so as to become the law of the case.

2. ————. The statutory right of redemption from sale differs essentially from the equity of redemption proper; it is usually self executing, and to enjoy the benefit thereof, no proceedings are ordinarily required to be had in the courts to make such right effective. This right or privilege is given by statute to the owner of the equity of redemption or his grantee.

3. **Rights of Assignee of Mortgagee Not in Issue.** Whether or not the redemption of real estate by the owner of the equity of redemption or his grantee from the decree and the sale made thereunder, as effectuated, is with or without prejudice to the rights of one claiming as the assignee of a mortgagee, is not determined. This question is not within the issues raised by the application to redeem, nor is it involved in the exercise of the statutory right of redemption from a decree and a sale of real estate made in pursuance thereof.

HOLCOMB, C. J.

This action is pending in this court on appeal. The only question in controversy is with reference to the right of redemption of certain real property sold under a decree duly rendered in a proceeding begun in the district court for the purpose of foreclosing a tax lien existing on and against certain real estate, and directing a sale thereof for the satisfaction of the lien thus established.

After a sale of the land under and in pursuance of the decree rendered in the foreclosure proceedings, and pending an appeal from an order of the district court confirming the sale and directing the sheriff to execute a deed to the purchaser, the owner of the equity of redemption or his grantee asked to be allowed to redeem the property from the decree and sale rendered and made, as above stated. This application to be allowed to redeem was resisted by the appellant in this action, who claims an interest in the property as an assignee of a mortgagee, who was made a party defendant in the tax foreclosure proceedings and served by publication, but who failed to appear or plead in the action, and whose default was duly entered of record. The appeal was thereupon dismissed and the cause remanded to the district court, so that redemption from the decree and sale might be effectuated. In the district court it was held that the appellee had effected a redemption of the land from the decree and the sale had thereunder, and it was adjudged that he took the land free from the lien created by the mortgage executed by the owners of the land in favor of the appellant's assignor, a party defendant in the foreclosure proceedings as aforesaid. This decree was on a former hearing reversed. *Carly v. Boner, ante*, p. 671.

1. Some confusion apparently has arisen in respect of an interlocutory order or memorandum opinion entered by this court in the appeal proceedings from the order of confirmation of sale under the tax foreclosure decree, with reference to the question of the right of redemption. When

application to redeem was made in this court during the pendency of the appeal proceedings and objections interposed it was announced that the owner of the equity of redemption (or his grantee) had the right to redeem the property from the decree and sale thereunder; and this whether the tax lien was owned by the tax purchaser or had been transferred to the mortgagee or her assignee. It was further found that the mortgagee or her assignee was entitled to redeem from the tax lien, but was not entitled to redeem the property sold under the decree of foreclosure. It was especially stated that as to the jurisdiction of the court to make an order on the questions raised by the record—that is with reference to the right of redemption—the question of jurisdiction, not having been discussed, is not determined, and no adjudication of the rights of the parties is made at this time.

It will thus be seen that there was no such adjudication on the question of the right of redemption as to make the interlocutory order *res judicata* as to the rights of the respective parties to redeem so as to become the law of the case. The order entered is to the effect that the right of redemption of the land from the decree and sale belonged to the owner of the equity of redemption, and that a mortgagee's right of redemption is restricted to redeeming or discharging the tax lien for the purpose of preserving and protecting his security, by adding the amount thus required to redeem the tax lien to his indebtedness, or by being subrogated to the rights of the owner of the tax lien as thus redeemed. The right of the owner of the equity of redemption to redeem the real estate from the decree and sale was deemed paramount, and it was so stated.

2. The right to redeem the property from the decree and sale is a right belonging to the owner of the equity of redemption or his grantee, and is given by statute. Sec. 497a of the code. It is a right of redemption which differs essentially from the equity of redemption proper. The statutory right of redemption from sale, as distinguished from the equity of redemption, is usually self executing,

and, to enjoy the benefit thereof, no proceedings are ordinarily required to be had in the courts to make such right effective. The appellee has taken advantage of this statutory right of redemption from sale, and has redeemed the property, and the order confirming such redemption to the extent that it recognized the right as being in the appellee, was right and proper and the only one which ought to have been entered.

3. The appellant objects to the appellees' being allowed to redeem the land from the decree and sale thereunder, unless it be without prejudice to his alleged rights as the assignee of the mortgagee of the land thus sought to be redeemed. Whether the redemption be with or without prejudice to the appellant would, it seems, depend upon the question of the force and effect of the decree under which the sale was made. If the lien of the mortgage is merged in or barred by the decree, the judgment in the action is an adjudication of the appellant's rights and interest in the land, from the consequences of which he can not escape. But this question is not properly before us, nor is it within the issues raised by the appellees' application to redeem. In the exercise of his statutory right with reference to redemption, the scope and effect of the decree as to appellant's lien by virtue of the mortgage under which he claims is not properly involved, and this question has never been fairly nor fully presented, and we do not, therefore, herein undertake to determine it. The reversal of the decree of the district court heretofore entered is adhered to, and a decree will be entered herein confirming and establishing the appellees' right of redemption heretofore effectuated.

JUDGMENT ACCORDINGLY.