BENJAMIN F. PITMAN, APPELLANT, V. FRANCIS M. BONER
ET AL., APPELLEES.

FILED MAY 21, 1908.    No. 15,142.

Tax Sale: PURCHASE BY MORTGAGOR. Where a mortgagor owes a duty to
the mortgagee to pay taxes upon the mortgaged property, neither
he nor his assigns can acquire any right against such mortgage
by purchasing the property at a judicial or administrative sale
for taxes which such mortgagor ought to have paid.

APPEAL from the district court for Dawes county: WIL-
LIAM H. WESTOVER, JUDGE. *Reversed.*

*Albert W. Crites,* for appellant.

*Allen G. Fisher, contra.*

CALKINS, C.

On the 10th day of September, 1892, the defendant
Francis M. Boner was the owner of a tract of land in
Dawes county, and on that day he, with his wife, the
defendant Susan E. Boner, executed a mortgage thereon
to one Falla M. Ball to secure the payment of the sum
of $1,000 on the 1st day of September, 1897, with interest
thereon payable semiannually. The mortgage contained
a covenant on the part of the mortgagor to pay the taxes
that might be assessed against said land, and a stipulation
that, in case of the failure so to do, the mortgagee might
pay such taxes and tack the amount so paid to the amount
due on the mortgage. The mortgagors made default in the
payment of the instalment of interest due September 1,
1894, and that as well as the succeeding instalments of
interest and the principal sum secured by said mortgage
remain wholly unpaid. The mortgagors also failed to
pay the taxes levied against said land for the years 1892
to 1898, inclusive, and the same were by the treasurer
of said Dawes county sold therefor to one Carly, who,
on December 22, 1899, brought a suit to foreclose such

tax lien, making both the mortgagors and the mortgagee defendants; service being had upon the latter by publication. A decree was obtained in that suit February 26, 1900, and six days thereafter the mortgage to Ball was by him assigned to plaintiff. Under this decree the premises were offered for sale and bid off by one James H. Dunn, and this sale was by the district court confirmed. From the order confirming such sale the Boners appealed to this court, but filed no brief, and when the case was reached for submission suggested their desire to redeem, and moved for the issuance of a satisfaction certificate. Pitman, the plaintiff in this action, intervened, and filed an objection to the granting of leave to redeem, unless allowed without prejudice to his mortgage, and he also asked leave to redeem as mortgagee. No specific action was ever taken on either of these applications, but this court prepared and filed a memorandum opinion holding that the Boners were entitled to redeem from sale, while Pitman was entitled to redeem from the taxes. On April 30, 1902, the defendant Alexander paid into the court below the amount of the bid, with 12 per cent. interest from the date of the sale, as assignee and grantee of the Boners, *pendente lite*, and for the redemption from such sale. He never filed any pleading of any sort, and no notice of such payment was given to Pitman. However, Susan E. Boner, the wife, on March 1, 1902, filed a motion in the court below, in her own behalf, for leave to redeem, but never paid any money into court. On May 3, 1902, Pitman filed in the court below objection to any redemption by either Boner or Alexander, unless it was done without prejudice to his mortgage, and on May 31, 1902, he also filed an application to redeem, and paid into court the amount necessary to pay the decree, with interest and costs. At the January term, 1903, this court dismissed the appeal, and a mandate of such dismissal was filed in the court below on February 27, 1903. Boner filed answer to Pitman's application below for leave to redeem, and,

50

all of such motions and said applications coming on to be heard together before Judge Westover, he held that the payment into court by said Alexander was a good and sufficient redemption from said taxes and from said sale, and was operative to free the land from the lien of said mortgage and to transfer said lien to the surplus arising on said sale. From this decision an appeal was taken to this court, which reversed the decision of the court below and remanded the case. In the opinion by AMES, C. (*Carly v. Boner*, 70 Neb. 671), it was held that the right of redemption of both mortgagor and mortgagee was established by the former judgment of the court; that redemption by the mortgagee or his grantee Alexander would discharge the decree of foreclosure and the sale pursuant to it, and satisfy the lien for taxes. A rehearing was, however, granted, upon which the judgment of reversal was adhered to, but in the opinion of HOLCOMB, C. J. (*Carly v. Boner*, 70 Neb. 674), it was held that there was no such adjudication of the question of the right of redemption as to make the interlocutory order *res judicata*, as to the rights of the respective parties to redeem, so as to become the law of the case. It was said that whether the redemption be with or without prejudice to the holder of the mortgage would seem to depend upon the force and effect of the decree under which the sale was made; that, if the lien of the mortgage is merged in or barred by the decree, the judgment in the action would seem to be an adjudication of the rights of the mortgagee in the land, from the consequences of which he could not escape, but it was held that the question was not before the court and was not determined. A mandate from this court was entered in the district court, but that court declined to make any further adjudication of the rights of the respective parties in relation to the redemption, and the present suit was then brought to foreclose the mortgage in question. The district court held that the mortgage was satisfied by the decree in *Carly v. Boner*, *supra*, and the redemption therefrom, dismissed the plain-

tiff's petition, decreeing the satisfaction of the mortgage and canceling the record thereof. From this decree plaintiff appeals. His contention is that the district court erred in holding that his mortgage was satisfied by the decree foreclosing the tax lien and the payment to the clerk of the district court by defendant Alexander of the amount bid on the sale under said decree, with 12 per cent. interest thereon; while the defendants claim that such was the effect of the attempted redemption. Extended arguments have been presented on this point, and we are asked to again consider the effect of section 497*a* of the code, called the "redemption statute." That section was construed in *Swearingen v. Roberts*, 12 Neb. 333, and we are now asked to overrule that decision. While we think the dissenting opinion in that case is the more logical, and better accords with our view of the true meaning of the statute, yet if the rule there announced is to be changed we prefer that it be done by legislative enactment. But as the judgment must be reversed upon other grounds, it is unnecessary to consider the effect of that statute. It appears that, at the time defendant Alexander attempted to redeem, he did so as assignee of the defendants Boner, and his rights could be no greater than theirs. It is a general principle, applicable to purchasers at tax sales, that a purchase by one whose duty it is to pay the taxes operates as a payment of them, and he acquires no right against the party to whom he owed such duty by his neglect to perform the same. Cooley, Taxation (2d ed.), p. 467. This principle is said by Judge Cooley to be universal, and so entirely reasonable as to scarcely need the support of authorities. To pay the taxes on the land in question was a duty which the mortgagors owed to the plaintiff in this case, and while there is in defendants' brief an extended argument for the right of the wife of the mortgagor to purchase at tax sale where the duty to pay the taxes is incumbent on the husband, that question is not here presented. The defendant Alexander acquired whatever right he had through a con-

veyance made by both of the defendants, pending the litigation, and he could acquire thereby no right superior to those of his grantors, from whom he derived his title. The principle referred to has been extended, and we think justly, to judicial sales for taxes. *Shrigley v. Black*, 66 Kan. 213. It would be violative of fundamental equitable principles if a mortgagor, by neglecting to discharge taxes which he has covenanted to pay, were permitted to acquire title at a sale for such taxes, either administrative or judicial, and thereafter set up the title so obtained to defeat his mortgage, yet such is the effect of the decree of the district court. We are of opinion, therefore, that neither of the defendants can set up any right obtained by or through the tax foreclosure proceedings, as against the rights of the mortgagee herein.

In this view of the case, we think the proceedings in the tax foreclosure constitute no defense to plaintiff's action to foreclose his mortgage, and we therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance therewith.

REVERSED.