A. C. TOLIVER, APPELLEE, v. PRIOR L. STEPHENSON ET AL., APPELLANTS.

FILED MARCH 20, 1909. No. 15,507.

1. **Tax Sale: PURCHASE BY OWNER.** "A purchase of land at sheriff's sale in a suit foreclosing a tax lien made by one whose duty it was to pay the taxes operates as payment only. He can acquire no rights as against a third party by a neglect of the duty which he owed to such party." *Gibson v. Sexson*, 82 Neb. 475.

2. ———: ———. It is the duty of a mortgagor of mortgaged real estate while he holds the legal title thereto to pay the taxes levied thereon. That duty follows the title to the land to his grantee. Such grantee cannot while holding the fee title purchase the property at a foreclosure sale for taxes, and thereby

defeat the mortgage. The purchase would have only the effect of a payment of the taxes and redemption from the decree of foreclosure.

3. **Mortgage Foreclosure: DECREE.** In a proceeding to foreclose a mortgage securing a debt evidenced by a promissory note, no issue of payment or other diminution of the debt having been presented, the note and mortgage having been held valid and transferred to plaintiff for value, the plaintiff was entitled to a judgment for the full amount due upon the debt.

APPEAL from the district court for Brown county: JAMES J. HARRINGTON, JUDGE. *Reversed with directions.*

*L. K. Alder,* for appellants.

*P. D. McAndrew,* contra.

REESE, C. J.

The petition is one for ordinary foreclosure of a real estate mortgage. The defendants Prior L. and Hannah M. Stephenson are the mortgagors. The mortgage and note bear date January 1, 1890, and were made to Edward H. Guyer. The amount named in the mortgage and note as the debt was $230, due January 1, 1895, with interest at the rate of 7 per cent. per annum from the date thereof until maturity, and 10 per cent. thereafter. The mortgage was duly recorded on the 12th of January, 1890. The interest had been paid to July 1, 1894. It is alleged that plaintiff was the holder of the note and mortgage, and that the amount due at the time of the commencement of the suit was $443. The defendant Frank A. Stephenson answered, alleging that during the years 1896, 1897, 1898 and 1899 the defendant Prior L. Stephenson was the owner in fee of the mortgaged property, and that the taxes for said years were not paid, and that all thereof were due and delinquent on February 1, 1901; that on that date the county of Brown instituted its action to foreclose the liens thereon created by said taxes; that Prior L. Stephenson, the then holder of the legal title, was made a party, as well as Guyer, the then holder of the mortgage; that

on the 23d day of April, 1901, a decree foreclosing the tax lien was entered, finding due the sum of $45.50 and costs of suit; that on the 23d day of September of that year a sale was made by the sheriff to the answering defendant, which sale was confirmed on the 7th day of the following October, and on the 10th of said month the sheriff made and delivered to him a deed to the property, under which he took possession, making valuable and lasting improvements thereon to the extent of $310; and that during the whole of said time the said Edward H. Guyer was the owner and holder of the note and mortgage declared upon, as shown by the records of the county, no assignment having been recorded, and defendant purchased said land in good faith without notice of any transfer of said note, if any had been made. The answer also pleaded the statute of limitations. The reply admitted the ownership of the land by Prior L. Stephenson at the time the taxes were assessed and levied, and that the foreclosure proceedings were had, but denied the other averments of the answer. It is further alleged that at the time of the foreclosure of the tax liens the said Prior L. Stephenson was not the owner of the real estate in question; that during said time, and at the time of the purchase by defendant Frank A. Stephenson at the sheriff's sale, the said defendant was the owner in fee of said premises, having purchased the same from said Prior L. Stephenson and received a deed therefor on the 30th day of January, 1901; that he was not made a party to said foreclosure proceedings, and that Edward H. Guyer, who was made a party, had before that time sold and transferred the note and mortgage to one Marion E. Sweeney, through whom plaintiff derived his title, and who had no interest in the note or mortgage; and that defendant Frank A. Stephenson withheld his deed from record until October 23, 1901, after he had made his pretended purchase, and that said pretended purchase was fraudulent and void. A trial was had, which resulted in a finding and decree in favor of plaintiff for the sum of $337.34, and the usual decree of

foreclosure. From this decree defendant Frank A. Stephenson appeals. Plaintiff presents a cross-appeal, alleging that the court erred in the amount found due upon the note, and that the decree should have been for $566.44 claimed as the true amount of principal and interest.

1. From an examination of the bill of exceptions it is clear that, at the time the land was bid in at the sheriff's sale under the decree of foreclosure for the delinquent taxes, the defendant Frank A. Stephenson, the purchaser, was the owner of the fee title to said land, and under the rule in *Pitman v. Boner,* 81 Neb. 736, and *Gibson v. Sexson,* 82 Neb. 475, he could take nothing by his purchase as against other subsisting liens and interests. The payment of the amount of the bid, which it is shown was more than the taxes and costs, was simply a payment of the taxes due upon the land of which he was the owner, and therefore he gained nothing by the purchase except that he paid the taxes which it was his duty to pay. But it is claimed that the foreclosure proceedings to which Guyer was made a party, and who then owned the mortgage, cut off the rights of the mortgagee, and he and his assigns are now estopped thereby. It must be conceded that the purchase at sheriff's sale by the holder of the legal title was nothing more or less than a redemption. As the payment was made within the time in which the redemption could be made under the provisions of section 497 of the code, the payment or redemption has the effect of satisfying the decree, and the suit is at an end.

2. It is alleged in the petition that no part of the debt secured by the mortgage had been paid, except the interest to July 1, 1894. The note is for $230. The specified rate of interest is 7 per cent. per annum until maturity, and 10 per cent. thereafter. There is no plea of payment in the answer. The interest on the note from July 1, 1894, to January 1, 1895, the time of the maturity of the note, was $8.05. The interest from January 1, 1895, to the 6th day of January, 1908, the date of the entry of the decree (13 years and 6 days), was $299.40, the total interest

being $307.45, which, added to the principal, would make $537.45. The sum found due by the decree, being $337.34, was $200.11 less than the amount actually due. We find nothing in the record explaining any reason for this error, and conclude that it is either clerical or that there was a mistake in the computation. In either case the correction should be made.

The appeal of the defendant is dismissed, and the cross-appeal of plaintiff sustained. The judgment of the district court is reversed and the cause remanded to that court, with directions to enter a decree of foreclosure for the full amount due upon the debt.

REVERSED.