JOHN A. STOREY v. ANDREW MILES ET AL.; MARY E. GAVIN ET AL., APPELLEES; SARAH W. PALM, APPELLANT.

FILED MAY 20, 1910.   No. 16,412.

Tax Liens: FORECLOSURE: ORDER OF SALE. In an action to foreclose a tax lien the owner of a junior lien was made a party and found to have a second lien on the premises. The property was sold under the decree, the sale confirmed, and a deed delivered to the purchaser, but the proceeds were not sufficient to pay any part of the second lien. The purchaser, two years afterwards, conveyed the property to her mother, who was the mortgagor. Subsequently the clerk of the district court, at the request of the holder of the second lien, and without an order of court, issued an order directing another sale of the property to satisfy the second lien. *Held*, (1) That, under the facts proved, the order of the district court recalling the order of sale was warranted; (2) that the second order of sale was issued by the clerk without authority.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Charles Battelle,* for appellant.

*W. S. Shoemaker, contra.*

LETTON, J.

This action was originally brought to foreclose certain tax liens on a number of tracts of real estate in Omaha, among which were lots 5, 6 and 7, block 20, Walnut Hill addition, the title to which was in the name of Mary E. Gavin and Patrick A. Gavin.

Sarah W. Palm, who was the owner of a decree foreclosing a first mortgage upon said real estate, was made a party defendant. She filed an answer and cross-petition, alleging ownership of the property in fee in the Gavins, the foreclosure of her mortgage, and that the decree was unpaid. At the hearing a decree was rendered awarding the plaintiff a first lien upon the premises for taxes in the sum of $138, with interest and costs, and awarding Mrs. Palm a second lien. On April 11, 1903, an order of sale was issued. The return to this order shows that on June 2, 1903, the property was offered for sale, but was not sold for want of bidders, and that on August 11, 1903, it was again offered for sale and sold to Ellen Gavin for the sum of $221. A motion to confirm the sale was filed. Sarah W. Palm then filed a motion to set aside the appraisement and sale, and also objecting to the confirmation. Evidence was taken upon this motion, but it was overruled, and the sale confirmed. On the 26th of April, 1904, the deed was executed by the sheriff and delivered to Ellen Gavin as ordered.

On March 23, 1909, Sarah W. Palm filed a precipe with the clerk of the district court for an order of sale to issue directing the sheriff to sell the property to satisfy the lien in her favor, and the clerk issued such order. Mary E. Gavin then filed a motion praying the court to direct the clerk to recall this order of sale, setting forth the facts as to sale and confirmation; that a deed had been issued to Ellen Gavin, who for a good and sufficient consideration had sold and conveyed the property to Mary E. Gavin; and that the order of sale was issued by the clerk without authority. A hearing was had, the motion sustained, and the sheriff directed to return the order of sale, and not to offer the property for sale. The appeal of Sarah W. Palm from this order is now before us for consideration.

The bill of exceptions is brief. In an affidavit Ellen Gavin deposes that she is 25 years of age, a single woman, and a school teacher by profession; that she attended the

sale under the tax foreclosure decree, and purchased the property in controversy for the sum of $221; that Charles Battelle, representing Sarah W. Palm, was present at the sale, offered no bids, and made no objections to the sale; that she bought the property for herself, and for no other person; that she paid for it with money that belonged to her in her individual right; and that on the 10th day of November, 1906, for good and sufficient consideration she sold the property to her mother, Mary E. Gavin, and executed a deed therefor, which is recorded in the deed records of Douglas county. The parties then stipulated that the only deeds of conveyance covering the property since the making of the mortgage are the sheriff's deed to Ellen Gavin and the deed from Ellen Gavin to Mary E. Gavin; that, at the time of the commencement of the suit by John A. Storey, Ellen Gavin resided with her parents upon the property, and has since resided with them thereon, with the exception of a temporary removal to another place in the city, with the expectation of returning there in a very short time.

The appellant's argument is short, and can be best stated in his own words: "The tax liens foreclosed in this case were the liens created by the default of the defendants, the mortgagors. It was their duty to pay the taxes, and all they accomplished was the payment of these taxes. After the entry of the decree, these defendants, the Gavins, could have paid the amount of Judge Storey's lien to the clerk of the district court and redeemed the same. Such payment should not in any way affect that part of the decree allowing the appellant a lien. The effect of what the Gavins did was to pay the taxes, and left it undisturbed as to the lien allowed appellant." In support of this argument he cites *Gibson v. Sexson*, 82 Neb. 475; *Toliver v. Stephenson*, 83 Neb. 747, and *Pitman v. Boner*, 81 Neb. 736. *Toliver v. Stephenson* was an action to foreclose a real estate mortgage. The grantee of the mortgagor had bought in the property at a tax foreclosure sale, in which action both mortgagor

and mortgagee were made parties. At the time the land was bid in, the purchaser was the owner of the fee title, and the court held that, under the ruling in *Pitman v. Boner* and *Gibson v. Sexson,* the payment of the amount bid was simply a payment of the taxes due; that his purchase at the sheriff's sale was nothing more or less than a redemption, and that the holder of the mortgage was entitled to a decree of foreclosure. *Pitman v. Boner, supra,* was similar in its facts. The syllabus is: "Where a mortgagor owes a duty to the mortgagee to pay taxes upon the mortgaged property, neither he nor his assigns can acquire any right against such mortgage by purchasing the property at a judicial or administrative sale for taxes which such mortgagor ought to have paid." In *Gibson v. Sexson, supra,* it was alleged and the evidence showed that the mortgagor Sexson conveyed the premises to his brother-in-law Hill, with the design of having the lien of the mortgage discharged and divested without payment of the mortgage, and that in pursuance of such design Hill purchased a tax sale certificate, foreclosed the tax lien, purchased the land at the foreclosure sale, and two months later conveyed it to Sexson for a consideration of $2, and that during all of the time Sexson was owner and in possession of the land; that Sexson entered a personal appearance, but filed no answer, and made no defense to Hill's foreclosure proceeding. It was held that the duty rested upon Hill and Sexson to pay the taxes; that the tax foreclosure proceeding was a device by them to defeat the plaintiff's mortgage, and that consequently Hill's purchase was simply a payment of the taxes, and the sheriff's deed nothing more than a receipt for the same.

In this case, however, there is no finding by the court of any fraud or collusion upon the part of Ellen Gavin and Mary E. Gavin, and there is no evidence in the record to sustain such a finding. It is true that the grantee of a mortgagor is as much under a duty to pay taxes as his grantor, but this is by reason of the privity existing between them. There is no privity shown to have existed

between Ellen Gavin and her mother when the property was bought, and, while there may be some presumption of a concert of action from their relationship, it is rebutted by the proof. If Ellen Gavin became the true and *bona fide* owner of the property in her own right by her purchase, she might sell to whom she pleased. The distinction is clear between the facts in this case and in the cases cited. The principle of the former cases is sound, but it is not applicable here.

It may be said here that the practice followed was improper. If it was desired to reinstate the decree as to the lien of Sarah W. Palm, the application should have been made to the court upon proper notice to the adverse parties, and not to the clerk. The decree upon its face was satisfied by the sale of the property. The return of the order of sale and the confirmation of the sale ended the clerk's authority to issue an order for the sale of this property without an order from the court.

The order appealed from directing the recall of the second order was clearly right, and is

AFFIRMED.